## PARKER R. MASON

### v.

### RICHARD B. OWENS et al.

1. SPECIFIC PERFORMANCE — *laches.* On the 5th of October, 1868, a purchaser of land from the agent of the owner, paid $100 on the purchase price, which was $2,917; $1,017 to be paid in cash, and the balance in one and two years. Title to be satisfactory and proved to be so. Objection being taken, however, to the power of attorney under which he proposed to make the deed, a sufficient power was obtained on the 20th of January, 1869, and three times a week, for three successive weeks, he called on the purchaser's attorney through whom the business had been transacted, and offered to make the deed upon receiving the balance of the cash payment; but the purchaser had withdrawn his money from the hands of his attorney, and the latter finally declined to act any further. On the 18th of February, 1869, the agent of the vendor wrote to the purchaser where he then was, some eighty miles from the residence of the former, requesting him to complete the contract. After waiting eleven days and receiving no answer, he again tendered a deed to the attorney, who refused it, and the vendor then sold to a third person : *Held,* the vendee was guilty of such *laches* as to deprive him of any right to a specific performance.

2. Same — *duty of the vendor to return the money paid, before re-selling.* It was not required of the vendor, under such circumstances, to refund the $100 paid, in order to be justified in re-selling. It was paid rather as earnest money for which the purchaser was to have credit on the completion of the contract, and the failure to return it did not give to the vendee an equitable right to a specific performance.

APPEAL from the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Chief Justice, presiding.

The opinion states the case.

Mr. EDWARD ROBY, for the appellant.

Mr. JAMES GOGGIN, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill for specific performance, brought by Mason against Owens, on the following memorandum:

"CHICAGO, Oct. 5, 1868.

"Rec'd from Parker R. Mason one hundred dollars on account of sale to him of the undivided five one-sixth (5-6) of the West ten (10) acres of the North East quarter of the South West quarter of Section 9, Town 39, Range 13, being 8½ acres, located on Lake street just East of Austin Depot, price Twenty Nine hundred and Seventeen dollars; One Thousand Seventeen to be paid in cash (including the one hundred dollars paid as above), balance in two equal sums at one and two years at 8 per cent interest. If title not satisfactory money to be refunded.

"RICHARD B. OWENS
"By Thomas Evans, his agent."

The cause was heard on the bill, answers, and a stipulation by counsel. The court below dismissed the bill.

The decree was correct. The complainant, instead of having been prompt in the performance of his own part of the agreement, was guilty of such gross laches as to justify the defendant in supposing he had either deliberately abandoned the contract, or was endeavoring to keep it open for speculative purposes, without, however, paying any thing further upon the first or cash payment. The abstract of title was furnished by the defendant's agent, and was satisfactory. When objection was taken to the power of attorney under which the agent proposed to make the deed, a new and unobjectionable power was obtained. This was received by defendant's agent on the 20th of January, 1869, and three times a week, for three successive weeks, he called at the office of complainant's attorney, through whom the business had been transacted, and offered to make the deed on payment of the amount to be paid in hand by the terms of the contract. But the complainant had withdrawn the money from his attorney's hands, and the latter finally informed defendant's agent he had no money of complainant in his possession, and did not wish to be further troubled about the matter. The defendant's agent then procured from the attorney complainant's address, which was at Clintonville, in Kane county, about eighty miles from Chicago, and wrote him, requesting him to complete the contract. After waiting eleven days and receiving no answer, he again called on the attorney and tendered a deed. The attorney declined to receive the deed and make the payment, and thereupon the defendant sold to a third person.

The complainant has no claim whatever to the aid of the court. He was either unable to carry out his contract, or was acting in bad faith, while the defendant showed himself not merely prompt, but eager to perform. A court of chancery will never decree specific performance in the face of such extreme and unexplained *laches* as is disclosed by this record.

It is, however, urged that defendant should have returned the $100 that had been paid to him. We said in *Staley v. Murphy*, 47 Ill. 244, that there were undoubtedly

cases, where the purchaser had been guilty of gross *laches*, in which the vendor would be justified in re-selling without first tendering back the money paid, but holding it either subject to the purchaser's order or to an adjustment of the equities between them. This principle was also recognized in *Thompson* v. *Bruen*, 46 Ill. 125, and a majority of the court has decided, at the present term, in *Wheeler* v. *Mather*, *ante*, p. 241, that a rescission of the contract by the vendor, for non-performance by the purchaser, does not necessarily give the latter the right to recover back the money paid. In this case, the $100 were paid rather as earnest money, for which the purchaser was to have credit on the completion of the contract, and the failure to return it does not require us to say that the complainant has an equitable right to specific performance.

*Decree affirmed.*